**Soe MIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72048.
Agency No. A72–439–355.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2004.*

Decided March 8, 2004.

Russell L. Marshak, Phuong D. Mai, Popkin, Shamir & Golan, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel San Francisco, CA, Joshua E. Braunstein, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Petitioner Soe Min seeks review of a final order of the Board of Immigration Appeals ("BIA") denying petitioner's applications for asylum and withholding of deportation. Because petitioner was placed in deportation proceedings before April 1, 1997, and petitioner's deportation order was issued after October 30, 1996, we have jurisdiction under 8 U.S.C. § 1105a(a) (1996), as amended by the transitional rules for judicial review established by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. We affirm the decision of the BIA.

The BIA affirmed without opinion the decision of the Immigration Judge ("IJ"). The IJ's decision is the final agency determination. 8 C.F.R. § 1003.1(e)(4) (2003).[1]

■ Petitioner first brings a facial challenge to the BIA's streamlined procedure for affirmance without opinion, asserting that this procedure constitutes unlawful rule-making and violates aliens' statutory, regulatory, and due process rights to appeal an IJ's decision. In *Falcon Carriche v. Ashcroft*, 335 F.3d 1009 (9th Cir.2003), *amended by* 350 F.3d 845 (9th Cir.2003), we considered and rejected a nearly identical challenge to the BIA's streamlining procedures, holding that "streamlining does not violate an alien's due process rights." *Id.* at 848. Also, streamlining does not impair an alien's statutory and regulatory rights to appeal. Similarly, petitioner cites no statutory term concerning appeals that is violated by the streamlined procedure. To the contrary, streamlined

appeals are expressly permitted by regulation, *see* 8 C.F.R. § 1003.1(a)(7) (2003); *see also Falcon Carriche*, 350 F.3d at 852–55, and on further appeal to an appellate court the IJ's opinion is reviewed as the final agency determination, 8 C.F.R. § 1003.1(e)(4) (2003).

■ Petitioner next asserts that the affirmance without opinion procedure was improper as applied to the particular circumstances of his case. Petitioner maintains that he gave specific and credible testimony before the IJ of persecution, and claims that asylum and withholding of deportation applications involve novel factual situations that cannot be properly reviewed with the streamlined procedures. We disagree. Petitioner's argument is contradicted by our ability to review the IJ's decision, and the argument is also foreclosed by *Falcon Carriche*. Once the BIA decides to streamline a case, "[t]he decision to streamline becomes indistinguishable from the merits. Were we to find an error, we would either grant relief if permitted or simply remand to the BIA to proceed in a manner consistent with our decision. Under these circumstances, it is the BIA, not the alien petitioner, that is saddled with any errors the IJ makes and with the risk of reversal on grounds that do not reflect the BIA's actual reasons." 350 F.3d at 855.

■ Petitioner also claims that the IJ erred in denying petitioner's asylum application. To be eligible for asylum, an alien must demonstrate an inability or unwillingness to return to the alien's country of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Legal questions, including claims of due process violations in deportation proceedings, are reviewed de novo. *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000). The BIA's

factual findings in support of its denial of an asylum claim, including adverse credibility findings, are reviewed under the substantial evidence standard, and will be upheld unless the evidence compels a contrary result. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000).

origin because of either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir.2003).

Here, the IJ found petitioner's testimony about the basis for his asylum claim to contain material inconsistencies that rendered petitioner's testimony "incredible and implausible." At his immigration hearing before the IJ, petitioner gave testimony on his political affiliations, organizational memberships, and alleged harm to his family in Burma; but this testimony contradicted statements that petitioner had previously made to an asylum officer. Petitioner's testimony on cross-examination was also inconsistent with his direct examination testimony, and the IJ found petitioner's demeanor to be "evasive and non-responsive." Contradictory testimony and inconsistencies in the record are sufficient to support an IJ's adverse credibility finding, *Singh–Kaur v. INS*, 183 F.3d 1147, 1150–54 (9th Cir.1999), and we give "special credence" to credibility determinations based on demeanor, *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818–19 (9th Cir.1994). There is substantial evidence to support the IJ's finding that petitioner's testimony regarding persecution was not credible.

■ Petitioner last contends that it was error for the IJ not to grant petitioner's application for withholding of deportation. To demonstrate an entitlement to withholding of deportation, an alien must meet a more stringent standard than that required to show eligibility for asylum. To qualify for withholding of deportation, "an alien must demonstrate that it is more likely than not that he would be subject to

persecution on one of the specified grounds." *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (internal quotation marks omitted). "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation." *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (internal quotation marks omitted). Because substantial evidence supports the IJ's decision to deny asylum, substantial evidence also supports the IJ's decision not to grant withholding of deportation.

## PETITION FOR REVIEW DENIED.